# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TYRONE HARRIS, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil No. 20-00914-CV-W-GAF-P <br> Crim. No. 11-00038-01-CR-W-GAF |

## GOVERNMENT'S MOTION TO DISMISS
## MOVANT'S UNAUTHORIZED MOTION UNDER 28 U.S.C. § 2255

The respondent, the United States of America, respectfully requests that this Court dismiss Tyrone Harris's unauthorized successive 28 U.S.C. § 2255 motion. The Government provides the following suggestions in opposition to the motion:

### I. Statement of the Case

In 2012, Harris pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in the Western District of Missouri. (Crim. DCD 128.)[1] Harris was advised, based on his seven prior burglary convictions, that he would receive the enhanced statutory penalties under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (Crim. DCD 158 at 7-8.) This Court sentenced Harris to 210 months' imprisonment. (Crim. DCD 152, 153.) Harris appealed, alleging that

---

[1] "Crim. DCD" refers to the docket entry number in the criminal case *United States v. Johnson*, 11-00038-01-CR-W-GAF.

the search of his person violated the Fourth Amendment, and the Eighth Circuit affirmed. *United States v. Harris*, 747 F.3d 1013 (8th Cir. 2014).

On February 19, 2015, Harris filed an initial motion to vacate under § 2255 claiming ineffective assistance of appellate counsel. (Civ. DCD 1.)[2] On March 31, 2015, this Court denied the motion to vacate the sentence and, on April 28, 2015, this Court denied Harris's motion for a certificate of appealability. (Civ. DCD 11, 17.) On July 23, 2015, the Eighth Circuit denied a certificate of appealability. (Civ. DCD 16, 18-19.)

On June 26, 2015, the Supreme Court decided *Johnson*.[3]

On January 3, 2017, Harris filed the first of several petitions seeking relief under *Johnson*, a request with the Eighth Circuit seeking certification to file a successive § 2255. The Eighth Circuit denied the petition. *Harris v. United States*, No 17-1004 (8th Cir. June 30, 2017). The next year, Harris again filed a motion seeking certification, but voluntarily dismissed the request. *Harris v. United States*, No 18-1919 (8th Cir. July 10,

---

[2]"Civ. DCD" refers to the docket entry number in Harris's initial § 2255 proceeding, *Harris v. United States*, 15-00124-CV-W-GAF.

[3]In *Johnson*, the Supreme Court interpreted 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act (ACCA). The ACCA provides that a person convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), is subject to an enhanced punishment if the defendant possesses three previous convictions that qualify as either a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). Prior to *Johnson*, violent felony was defined in three alternative ways. An offense was a violent felony if the crime: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (known as the force clause or elements clause); (2) "is burglary, arson, or extortion, involves use of explosives" (known as the enumerated offenses clause) or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (known as the residual clause). 18 U.S.C. § 924(e)(2)(B)(i)-(ii); *see Johnson*, 135 S.Ct. at 2255-56. The Supreme Court invalidated the residual clause in *Johnson*, holding that it was void for vagueness. *Id.*, 135 S.Ct. at 2563.

2018). Harris next filed a motion under 18 U.S.C. § 2241 seeking to vacate his conviction, arguing that his claim fell within the savings clause provision of 28 U.S.C. § 2255(e). That motion was denied. *Harris v. Barnhart*, 448 F.Supp.3d 704 (E.D. Ky. 2020). In an unpublished opinion, the Sixth Circuit affirmed that denial. *Harris v. Wilner*, No. 20-5402 (6th Cir. Oct. 28, 2020). Harris again sought certification from the Eighth Circuit, but was denied. *Harris v. United States*, No. 19-3235 (8th Cir. Jan. 29, 2020).

Harris is incarcerated at the Federal Correctional Institution in Florence, Colorado, with a projected release date of April 18, 2026.

## II. **Discussion**

Harris has now filed a motion seeking relief under § 2255 based on *Johnson*. Harris has repeatedly sought certification to raise this claim, and each time the claim has been denied, including two denials by the Eighth Circuit. In an attempt to circumvent the legal requirement, Harris has filed a § 2255 motion without certification, contending he does not need certification from the Eighth Circuit to file the successive motion.

The statute is clear that a successive motion requires certification from the Eighth Circuit. 28 U.S.C. § 2255(h). If a movant has neither sought nor received certification from the Eighth Circuit, the district court should dismiss the motion for lack of jurisdiction. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (noting dismissal of § 2255 for failure to seek certification from court of appeals). The statute does not contain any exceptions to this rule.

Harris has fabricated an exception that he believes applies, arguing that because his *Johnson* claim was not "ripe," at the time of his first petition, that he does not need certification from the Eighth Circuit to file the instant petition.

Harris's claim was "ripe" when he was sentenced under the ACCA and could have been raised at that time, either on direct appeal or in his initial § 2255 motion. Harris's failure to raise it previously is a procedural default. The fact that the *Johnson* ruling had not yet been handed down by the Supreme Court at the time of his appeal or initial § 2255 does not excuse the procedural default. The Eighth Circuit has consistently held that perceived "futility" does not constitute cause sufficient to excuse that default. *Lindsey v. United States*, 615 F.3d 998, 1000-01 (8th Cir. 2010).

Harris cites several cases in support of his "ripeness" theory. However, none of the cases support the theory. *Williams* involves a challenge to state execution protocol filed under a 42 U.S.C. § 1983, and not a habeas motion. *Williams v. Hobbs*, 658 F.3d 842, 845 (8th Cir. 2011). *Panetti* and *Singleton* involve habeas claims challenging the execution based on challenges under *Ford v. Wainwright*, 477 U.S. 399 (1986), based on incompetency. *Panetti v. Quarterman*, 551 U.S. 930, 934-35 (2007); *Singleton v. Norris*, 319 F.3d 1018, 1020 (8th Cir. 2003). They do not challenge the constitutionality or legality of the sentence imposed, but rather the execution of the sentence. *Deroo* involved a § 2255 motion filed subsequent to a § 2241 motion, and the Eighth Circuit held that a § 2255 was not second or successive where the only prior litigation was a motion exclusively seeking relief under § 2241. *Deroo v. United States*, 709 F.3d 1242, 1244-45 (8th Cir. 2013).

Further, Harris's unsupported interpretation of the law would eliminate the certification requirement plainly stated in the statute. Under the law, a successive motion must be certified to contain either newly discovered evidence or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). If an inmate could simply assert the claim contained in the successive filing was not "ripe" at the time of the first motion, the certification requirement would be rendered useless. The requirement that the Supreme Court hold a new rule of constitutional law to be retroactive, should that be its intent, would also be rendered meaningless.

In this case, the Eighth Circuit has denied certification for Harris to raise this claim on two separate occasions. Without that certification, Harris is procedurally barred from filing his current motion. Even if this Court could entertain Harris's motion, the motion would be untimely. The one-year time limit under § 2255 applies to successive motions. *See Dodd v. United States*, 545 U.S. 353, 359 (2005) (one-year deadline under § 2255(f)(3) applies to both initial and successive motions). Harris's first request for successive permission was filed in the Eighth Circuit in January 2017, well beyond the one-year date from the *Johnson* ruling. A review of the cases reveals that none of Harris's requests have been timely. Ultimately, Harris is attempting to circumvent the applicable statute and prior rulings from the Eighth Circuit. Those attempts must fail, and his current motion should be denied.

### III. **Conclusion**

Accordingly, for all of the reasons previously outlined, the Government respectfully requests that this Court dismiss Harris's successive § 2255 motion for lack of certification as required by the statute.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By   /s/Ashleigh A. Ragner

ASHLEIGH A. RAGNER
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 21, 2021, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record, and mailed to:

>Tyrone Harris, *Pro Se*
>Reg. No. 15730-041
>FCI Florence
>P.O. Box 6000
>Florence, Colorado  81226

>/s/Ashleigh A. Ragner
>Ashleigh A. Ragner
>Assistant United States Attorney